**In the Interest of L. G. M., a Child, Appellant.**

**No. 16035.**

Court of Civil Appeals of Texas, San Antonio.

April 19, 1978.

Charles G. Childress, San Antonio, for appellant.

James R. Mitcham, Jr., San Antonio, for appellee.

PER CURIAM.

This is an appeal from an order terminating the parent-child relationship between appellant and her minor daughter.

After appellant properly filed an affidavit of her inability to pay costs, the court reporter prepared the statement of facts in narrative form as authorized by Rule 380, Tex.R.Civ.P. (1977). Appellant has filed a motion that we enter an order directing the

court reporter to prepare a statement of facts complying with the provisions of the order of the Texas Supreme Court, made under the provisions of Rule 377(g), Tex.R. Civ.P., dated July 11, 1977, effective January 1, 1978, prescribing the form of a statement of facts.

According to the affidavit accompanying appellant's motion, the lack of conformity of the statement of facts with the provisions of the order of the Supreme Court is the result of the action of the trial judge in instructing the court reporter that the requirements of the Supreme Court's order under Rule 377 were not applicable to a free statement of facts furnished an appellant under Rule 380.

Rule 377 mentions both statements of facts in question and answer form and those in narrative form. There is nothing in Rule 377 or in the order of the Supreme Court indicating that provisions concerning the form of the statement of facts are inapplicable to narrative statements. We conclude that the requirements as to form are applicable to a narrative statement of facts as well as to a statement in question and answer form.

The statement of facts prepared in this case contains no index as required by paragraph (c) of the Supreme Court's order. The statement of facts does not indicate which portion of the testimony was given on direct, cross, re-direct or re-cross examination. There is no separate table showing the number of the page at which any exhibit or other document offered in evidence appears, nor the page at which such exhibit was identified, offered, admitted or excluded.

The pages of the statement of facts are not numbered consecutively on the bottom of the page as required by paragraph (d) of the Supreme Court's order, nor are the pages numbered at all. It is clear that the defects in the statement of facts will hinder this Court in its consideration and determination of the merits of the appeal.

The court reporter for the District Court, 225th Judicial District of Texas, is hereby directed, pursuant to paragraph (g) of the order of the Supreme Court, within 60 days, to amend the statement of facts so that it will comply with the provisions of such order, or, if such be impractical, to prepare a new statement of facts, in narrative form, complying with the provisions of the order of the Supreme Court. Delivery of a copy of this opinion to such reporter shall constitute notice of our order, and the Clerk of this Court shall issue no formal order unless the court reporter refuses to proceed in accordance with this opinion.

Appellant's brief shall be filed in this Court not later than 30 days after a statement of facts in proper form has been prepared and filed in this Court.